**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Sanford H. Roth, M.D., et al., | ) | No. CV-04-2135-PHX-FJM |
| Plaintiffs, | ) | **ORDER** |
| vs. | ) | |
| Naturally Vitamin Supplements, Inc., et al., | ) | |
| Defendants. | ) | |

The court has before it defendants' motion for partial summary judgment (doc. 94), plaintiffs' response (doc. 102), and defendants' reply (doc. 106). We also have before us plaintiffs' motion for leave to file a supplemental motion for summary judgment (doc. 92), defendants' response (doc. 96), and plaintiffs' reply (doc. 98).

Defendants Naturally Vitamin Supplements, Inc. and Marlyn Nutraceuticals, Inc. (collectively "Naturally Vitamin") seek summary judgment on Count III (breach of implied contract), Count IV (misrepresentation), Count V (common law right of publicity), and Count VI (Lanham Act).

**I**

In Count III of the complaint, Roth alleges an implied contract was formed when Naturally Vitamin induced him to participate in a video interview for use in the Arthritis

1 Foundation's "All About Arthritis" televent in exchange for Naturally Vitamin's promise to
2 make a $10,000 contribution to the Arthritis Foundation. Roth participated in the interview,
3 but alleges that Naturally Vitamin breached the implied contract when it not only failed to
4 make the contribution, but subsequently used the video interview for commercial purposes
5 without his permission. Roth contends that he would ordinarily have charged $10,000 for
6 performing the interview, permitting a one-time broadcast. He alleges damages related to
7 the value of his participation in the video interview, as well as the value of the subsequent
8 unauthorized use of the video. Roth Response at 5.

9 Because material issues of fact exist relating to damages, we deny the motion for
10 summary judgment on Count III. At trial, Roth's Count III damages claim will be limited by
11 his clarification that his claim is not based on loss of income opportunity, id., and further by
12 our conclusion that any potential claim for "damage to reputation" is a tort remedy not
13 recoverable under this contract claim.

**II**

15 Naturally Vitamin asserts that Count IV should be dismissed because Roth failed to
16 allege facts sufficient to support a claim for negligent misrepresentation. Roth now concedes
17 this point, but argues that Count IV alternatively sets forth a claim for negligence. We reject
18 Roth's attempt to amend the complaint at this late date. Count IV expressly states a claim for
19 negligent misrepresentation, not negligence. It contains no allegation that Naturally Vitamin
20 owed a duty to Roth, and therefore cannot reasonably be construed as a negligence claim.
21 Naturally Vitamin's motion for summary judgment on Count IV is granted.

**III**

23 Naturally Vitamin also contends that Roth failed to disclose any evidence of damages
24 related to the right of publicity and Lanham Act claims in Counts V and VI, respectively, and
25 therefore failed to establish an essential element of these claims. In particular, Naturally
26 Vitamin contends that Roth's claims for lost consulting income and damage to his reputation
27 are merely speculative, and therefore should be dismissed. In opposition to the motion, Roth
28 identifies six companies that have allegedly stopped engaging his services as a result of

1  Naturally Vitamin's wrongful acts. Roth Affidavit ¶ 1. Naturally Vitamin contends that
2  Roth's affidavit directly contradicts his earlier deposition testimony that he had no personal
3  knowledge of lost consulting opportunities.
4  Issues of fact remain as to what damages, if any, Roth suffered as a result of Naturally
5  Vitamin's actions. These issues are appropriately resolved at trial. Therefore, Naturally
6  Vitamin's motion for summary judgment on Counts V and VI is denied.

**IV**

8  Finally, Roth moves for leave to file a supplemental motion for summary judgment
9  on Count I of the complaint. In his original motion for summary judgment (doc. 40), Roth
10  alleged that Naturally Vitamin breached the Consulting Agreement by failing to compensate
11  him for work he performed on three different projects. With respect to damages, Roth
12  alleged that he spent a total of 40 hours on these projects, at a rate of $400 per hour, for a
13  total amount due of $16,000. He acknowledged, however, that a dispute existed as to
14  whether he received partial compensation of $3,200 for the Protocol and Budget project.
15  Naturally Vitamin did not dispute the amount of damages, but merely contested liability. We
16  granted Roth's motion for summary judgment on the issue of liability, but denied summary
17  judgment with respect to damages, concluding that a material issue of fact remained "as to
18  whether Roth has been partially compensated for work performed in relation to the Protocol
19  and Budget." Order at 3-4.
20  Roth now abandons his claim related to this element of damages. In response,
21  Naturally Vitamin argues for the first time that, notwithstanding Roth's concession, additional
22  issues of fact remain regarding damages arising from Count I. These arguments were not
23  presented in response to Roth's motion for summary judgment as required by Rule 56(e),
24  Fed. R. Civ. P., and they will not be considered now. Because there is no longer any material
25  issue of fact relating to damages in Count I, we grant summary judgment in favor of Roth in
26  the amount of $12,800. See Fed. R. Civ. P. 54(b). We deny as moot Roth's motion for leave
27  to file a supplemental motion for summary judgment (doc. 94).

V

Therefore, **IT IS ORDERED GRANTING** Naturally Vitamin's motion for summary judgment on Count IV, and **DENYING** the motion on Counts III, V, and VI (doc. 94). **IT IS FURTHER ORDERED DENYING** as moot Roth's motion for leave to file a supplemental motion for summary judgment (doc. 92). **IT IS FURTHER ORDERED GRANTING** summary judgment in favor of Roth on Count I in the amount of $12,800.

DATED this 15th day of August, 2006.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge